[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court finds the following facts: CT Page 271
The plaintiff, John Doe is a minor resident of the Town of Plymouth. The defendant was an adult resident of Terryville, Connecticut. Prior to July 9, 1994, the defendant befriended the minor plaintiff and became well known to the plaintiff's family. On or about July 9, 1994, the defendant took the minor plaintiff to a drive-in movie in the Town of Southington, Connecticut. While at the drive-in movie, the defendant allowed the minor plaintiff to drink alcohol which he provided. At the conclusion of the movie the defendant took the minor plaintiff to the defendant's home at 136 North Riverside Avenue in Terryville.
At the defendant's residence, the defendant invited the minor plaintiff to remain overnight as the defendant's guest. Early in the morning of that night, July 9-10, 1994, the defendant sexually assaulted the plaintiff.
At trial the defendant admitted he had committed the act alleged but argued that he had thought the victim was older. The plaintiff introduced psychiatric and other records of treatment of the minor plaintiff. After reviewing all of the medical and psychiatric records, the court finds that the plaintiff has incurred to the present time the sum of $27,234.00 in medical expenses causally connected with treatment of the psychological conditions resulting from the assault. Although the records also reflect underlying problems of a disciplinary and adolescent nature, the evidence clearly establishes a profound confusion over the plaintiff's sexual identity which clearly stems from the assault. The minor plaintiff has had very significant problems interacting in school and suffers from significant feelings of guilt as if he should have done something to prevent the assault and acute embarrassment at the fact that his peers in school will ridicule him for what happened.
The defendant claimed that all of the problems exhibited by the minor plaintiff were not the result of the commission of this singular offense.
The court would note the records indicate a level of disciplinary problems and failure to attend school. However, the psychological problems did not become acute until the assault occurred. The evidence also disclosed that medical providers are of the opinion that approximately $11,500 dollars in additional therapy will be required as treatment for the minor plaintiff's psychological problems causally connected with the effects of the CT Page 272 assault.
The physician's reports indicate that the incident is being kept "deep and dark" within the victim. His current adjustment is marginal in several respects. He does not want to go to school despite sustained efforts of the school to persuade him to return. The issue of embarrassment being paramount. The impact of sexual molestation is of major significance in the victim's current problems and adjustment. Professionals currently treating the victim are of the opinion that he was traumatized critically and severely by this sexual molestation. This fact points to the probability of the need for further psychiatric treatment on an outpatient basis for the next four to seven years.
The Court finds that the plaintiff John Doe PPA Michelle Vickery has sustained his burden of proof on the First and Third Counts and proved the allegations within those counts of the Complaint.
The Court further finds that the plaintiff Michelle Vickery has sustained her burden of proof as to the Second and Fourth Counts of the Complaint.
The Court awards the sum of $38,734.00 as economic damages to the plaintiff Michelle Vickery on the Second and Fourth Counts and awards the sum of $55,000.00 as non economic damages to the Plaintiff John Doe P.P.A. Michelle Vickery on the First and Third Counts, for a total judgment of $93,734.00.
KOCAY, J.